Matthew L. ROSA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 85A05–0502–CR–106.

Court of Appeals of Indiana.

Aug. 19, 2005.

Craig Persinger, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Matthew L. Rosa appeals the revocation of his probation. He raises three issues, which we consolidate and restate as whether the Wabash Circuit Court could properly revoke Rosa's probation where his probation in Wabash County had not yet commenced and was to be served after the completion of a sentence and probationary period in Grant County.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On June 12, 2003, Rosa was sentenced in the Grant Superior Court, pursuant to a plea agreement, to eighteen months served and thirty months of probation. On February 3, 2004, Rosa entered into a plea agreement in the Wabash Circuit Court. In exchange for his plea of guilty to burglary he would be sentenced to four years at the Indiana Department of Correction, with two years suspended and served on probation. This sentence was to be served

consecutively to the sentence he received in the Grant Superior Court.

That same day Rosa met with a Wabash County probation officer. They executed an Order of Probation that provided Rosa's probationary term would begin February 15, 2007, and end February 14, 2009. One of the terms of Rosa's probation was that he would not "use alcoholic beverages of any kind." (App. at 24.)

On October 16, 2004, an information was filed in Wabash County alleging that on October 15, 2004, Rosa possessed, consumed or transported alcoholic beverages while he was a minor, a Class C misdemeanor.[1] The Wabash County prosecutor petitioned for the revocation of Rosa's probation.[2]

Rosa argued at the probation revocation hearing that the Order of Probation showed the term of his probation in Wabash County had not yet commenced. Therefore, he claimed, the Wabash Circuit Court did not have authority to revoke it. Rosa admitted he had pled guilty to the alcohol charge, and he recognized that if he were on probation, his actions would have been a violation. The Wabash Circuit Court found Rosa violated the terms of his probation and ordered him to serve an additional 184 days of the suspended sentence. Rosa would then be placed on probation until his original term expired.

## DISCUSSION AND DECISION

■ Rosa notes the Order of Probation reflected his probationary term did not start until February 15, 2007, and argues his offense in October of 2004, before that probationary term began, cannot serve as the basis for revoking his probation.

■ The ability to serve a sentence on probation has been described as a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind.Ct.App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind.1999), *reh'g denied*). A probationer faced with a petition to revoke his probation is therefore not entitled to the full panoply of rights he enjoyed prior to the conviction. *Id.* at 146–47. The rules of evidence do not apply in a revocation proceeding, and the State's burden of proof is lower, as the State need prove an alleged violation of probation by only a preponderance of the evidence. *Id.* at 147.

■ We review for an abuse of discretion the trial court's decision to revoke probation. *Pugh v. State*, 804 N.E.2d 202, 203 (Ind.Ct.App.2004), *aff'd in part, vacated in part on other grounds* 819 N.E.2d 375 (Ind.2004). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Id.* If the trial court finds the person violated a condition of probation, it may order execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind.2004). The violation of a single condition of probation is sufficient to permit a trial court to revoke probation. *Pugh*, 804 N.E.2d at 204.

■ Rosa's sentences in Wabash County were to be served consecutively to those in Grant County, but that did not leave the Wabash Circuit Court without authority to revoke his probation. The probationary period begins immediately after sentencing and ends at the conclusion of the probationary phase of the defendant's sentence. *Ashley v. State*, 717 N.E.2d 927, 928 (Ind. Ct.App.1999), *reh'g denied.*

---

**1.** Ind.Code § 7.1–5–7–7.

**2.** The record does not reflect that the Grant County probation office sought to revoke Rosa's probation for that offense.

In *Gardner v. State*, 678 N.E.2d 398, 400–401 (Ind.Ct.App.1997), we stated:

In *Ashba v. State* [570 N.E.2d 937 (Ind. Ct.App.1991) *aff'd* 580 N.E.2d 244 (Ind. 1991), *cert. denied*, 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (1992)], we held that a defendant who was on parole from the Indiana Department of Correction, but not yet on probation, can violate his probation prospectively. The court noted that I.C. 35–38–2–3(g) allows the court to revoke probation if it finds that the defendant violated "a condition at any time before termination of the [probationary] period." *Ashba* interpreted the language to permit "the trial court to terminate probation before a defendant has completed serving his sentence or to revoke probation before the defendant enters the probationary phases of his sentence." ... When a trial court grants a defendant probation in lieu of an executed sentence, the trial court is taking many aspects of the defendant's character into account. When the defendant commits a crime or violates a term of the probation, the trial court should be able to weigh that violation in its reevaluation of whether the defendant should be or should have been granted probation .... Once a defendant has been sentenced, the court may revoke or modify probation, upon a proper showing of a violation, at any time before the completion of the probationary period.

*See also Crump v. State*, 740 N.E.2d 564, 568 (Ind.Ct.App.2000), *trans. denied.*

We appreciate, as Rosa correctly notes, his Wabash County term of probation does not begin until February 15, 2007. However, our decision in *Ashba* does not permit us to adopt his argument as to the effect of the delayed commencement date. Under Rosa's reasoning, he could commit any number of offenses from 2004 until 2007 and not face a probation violation. We must decline to so hold.

Because a defendant's probationary period begins immediately after sentencing and ends at the conclusion of the probationary period, *Gardner*, 678 N.E.2d at 401, the Wabash Circuit Court did not abuse its discretion when it revoked Rosa's probation. That court ordered Rosa was, after serving an additional 184 days of the suspended sentence, to be placed on probation until the original term expires.

We affirm.

VAIDIK, J., and SHARPNACK, J., concur.