**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Feb 22 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT W. BISHOP, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | Nos. 48A02-1108-CR-797 |
| | ) | 48A05-1108-CR-441 |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause Nos. 48C01-9112-CD-165
48C01-9903-DF-64
48C01-9903-DF-65

**February 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Scott W. Bishop appeals the revocation of his probation following a hearing during which the State presented evidence that Bishop committed four criminal acts while on probation. Specifically, Bishop contends that the trial court erred when it admitted hearsay evidence in a police officer's probable cause affidavit at the hearing, and without the probable cause affidavit, he argues the evidence is insufficient to support the trial court's finding that he committed the offense of resisting law enforcement. Additionally, Bishop contends that the trial court erred when it ordered that he serve his suspended sentences for the prior convictions for which he was on probation. Concluding that the trial court properly revoked Bishop's probation, we affirm.

FACTS

In December 1992, Bishop pleaded guilty to three counts of robbery, a class B felony, one count of resisting law enforcement, a class D felony, and one count of receiving stolen auto parts, a class D felony, under Cause number 48C01-9112-CF-165 ("CF-165"). For each robbery count, the trial court sentenced Bishop to twenty years in the Indiana Department of Correction (DOC), with ten years suspended, and ordered all three sentences be served concurrently. For each of the two remaining counts, the trial court sentenced Bishop to one year in the DOC and ordered that he serve those sentences concurrent with the other but consecutive to the sentences for robbery. On March 3, 1999, the trial court found that Bishop violated the terms of his probation by committing

2

the offense of criminal confinement, a class D felony, and ordered him to serve three years of his previously suspended sentence.

On March 17, 1999, the State charged Bishop under Cause numbers 48C01-9903-DF-064 ("DF-064") and 48C01-9903-DF-065 ("DF-065"). In DF-064, Bishop pleaded guilty to criminal confinement, and the trial court sentenced him to three years suspended to probation, to run consecutively to the sentences from three prior convictions. In DF-065, Bishop pleaded guilty to two counts of theft and auto theft. The trial court sentenced him to three years on each count, all suspended to probation, to run concurrently with each other, and consecutive to the sentence in three other cause numbers, including DF-064.

On June 5, 2011, Jamie Tomlinson was drinking vodka with Bishop at his apartment. At some point, Bishop attempted to have sex with Tomlinson, but she refused, went to the restroom, and locked the door. While Tomlinson was in the restroom, Bishop "busted the door open" and threw her to the ground. Tr. p. 9. Bishop twice picked Tomlinson up by her hair, tossing her out of the bathroom into a closet and then against a door frame. Thereafter, Bishop grabbed Tomlinson by the throat and threw her onto a couch, where he attempted to remove her pants. Although Tomlinson pleaded with Bishop to stop, he refused, removed his belt, and choked her with the belt. Bishop then strangled Tomlinson until she lost consciousness.

Anderson Police Department Officer Amber Miller responded to the report of a woman being battered at Bishop's apartment. Officer Miller arrived at the apartment and

heard a woman say, "Stop choking me, I can't breathe." State's Ex. 1. Officer Miller knocked on the door, and when Bishop opened the door, he was holding a steak knife. She ordered him to drop the knife, but he placed it in his back pant pocket. Miller ordered Bishop to show his hands, but he refused. Officer Miller was able to place a handcuff on Bishop's right wrist and told him to show his left hand. He refused, but she was able to take possession of the knife. She again ordered him to show his left hand and Bishop "forcibly pulled away." State's Ex. 1. Another officer struck Bishop in the abdomen and Officer Miller was able to completely handcuff Bishop. Tomlinson regained consciousness after the police arrived. Officer Miller observed Tomlinson holding handfuls of her hair.

On June 5, 2011, the State charged Bishop with criminal confinement, a class D felony; strangulation, a class D felony; battery committed by means of a deadly weapon or resulting in serious bodily injury, a class C felony, and resisting law enforcement, a class A misdemeanor. On June 10, 2011, the State filed a notice of probation violation.

On July 18, 2011, the trial court held an evidentiary hearing, at which Tomlinson testified about Bishop's actions prior to her passing out and her injuries. Officer Miller did not attend the hearing and, over Bishop's objections, the trial court admitted into evidence Officer Miller's probable cause affidavit. The probable cause affidavit contained the only evidence admitted at trial to support the trial court's finding that Bishop committed the offense of resisting law enforcement.

4

Following the hearing, the trial court found Bishop in violation of the terms of his probation. In CF-165, it ordered Bishop to serve seven years of his previously suspended sentence in the DOC. In DF-064 and DF-065, Bishop was ordered to serve three years of his previously suspended sentence in the DOC, to run concurrently with each other and consecutive to his sentence in CF-165, for an aggregate term of ten years. Bishop now appeals.

DISCUSSION AND DECISION[1]

## I. Admission of Probable Cause Affidavit and Sufficiency of Probation Revocation

Bishop appears to argue that the evidence is insufficient to support the revocation of his probation. Bishop claims that the trial court erred when it admitted into evidence Officer Miller's probable cause affidavit into evidence at the revocation hearing because it was hearsay and lacks sufficient indicia of reliability. Specifically, Bishop challenges the trial court's conclusion that the probable cause affidavit, signed under a penalty of perjury, is sufficiently reliable.

Decisions regarding the admission of evidence in probation revocation hearings are reviewed for an abuse of discretion. Figures v. State, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

---

[1] Although the State argues that Cause number 48A05-1108-CR-441 ("CR-441") is not properly before this court, our motions panel granted Bishop's motion to consolidate 48A02-1108-CR-797 ("CR-797") and CR-441 under CR-797.

5

Probation revocation deprives a probationer only of a conditional liberty, and he is not entitled to the full array of due process protections afforded a defendant at a criminal trial. Mateyko v. State, 901 N.E.2d 554, 557 (Ind. Ct. App. 2009). Indeed, the Indiana Rules of Evidence, including the rules against hearsay, do not apply in probation revocation hearings. See Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999); Ind. Evidence. Rule 101(c)(2). Instead, courts in probation revocation hearings may consider "any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay." Cox, 706 N.E.2d at 551. And while the due process principles applicable in probation revocation hearings afford the probationer the right to confront and cross-examine adverse witnesses, this right is narrower than in a criminal trial. Figures, 920 N.E.2d at 271. "For these reasons, the general rule is that hearsay evidence may be admitted without violating a probationer's right to confrontation if the trial court finds the hearsay is 'substantially trustworthy.'" Id. (quoting Reyes v. State, 868 N.E.2d 438, 442 (Ind. 2007)).

Contrary to Bishop's assertions, the United States Supreme Court and our Supreme Court have determined that affidavits are a "type of material that would be appropriate in a revocation even if not a criminal trial." Reyes, 868 N.E.2d at 440-41 Although decided before Reyes, a panel of this court held in Whatley v. State that an affidavit prepared and signed under oath by an officer bears "sufficient indicia of reliability." 847 N.E. 2d 1007, 1009 (Ind. Ct. App. 2006).

Here, the trial court stated during the hearing, "This documents [sic] produced and is signed by Officer Amber Miller. It's uh, under penalty of perjury . . . . The court will admit State's exhibit one (1) over objection." Tr. p 24-5. Our review of the affidavit confirms the trial court's observations of the affidavit. State's Ex. 1. Therefore, because the affidavit was produced and signed under oath by Officer Miller, it bears sufficient indicia of reliability, and the trial court did not err when it admitted the affidavit into evidence.

Having concluded that the trial court did not err when it admitted the probable cause affidavit in support of the resisting arrest charge, Bishop's insufficiency argument fails. See Wilson v. State, 708 N.E.2d, 32, 34 (Ind. Ct. App. 1999) (holding that "[t]he violation of a single condition of probation is sufficient to revoke probation.") Moreover, Bishop fails to challenge the trial court's three other findings, that there is a reasonable probability the Bishop committed criminal confinement, strangulation, and battery by means of a deadly weapon or resulting in serious bodily injury. Therefore, the trial court did not err in revoking Bishop's probation.

## II. Sentence

Bishop next contends that the trial court erred when it ordered him, upon the revocation of his probation, to serve his previously suspended sentences in DF-165 and DF-64, and DF-65. In particular, Bishop contends "[his] request for work release would give him the structure he needed to successfully transition back into society." Appellant's Br. p. 9.

7

We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). If the trial court finds that the person violated a condition of probation, it may order the execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g); Stephens v. State, 818 N.E.2d 936, 942 (Ind. 2004).

As noted above, the trial court found that there is a reasonable probability that Bishop committed several crimes in violation of his probation, and we are unconvinced by Bishop's bald assertion that the trial court should have placed him on work release. Therefore, the trial court did not abuse its discretion when it ordered Bishop to serve the suspended sentences.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.