**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 24 2012, 9:31 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN SCHOLTES, | ) | |
| Appellant, | ) | |
| vs. | ) | No. 15A05-1202-CR-78 |
| STATE OF INDIANA, | ) | |
| Appellee. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathon N. Cleary, Judge
Cause No. 15D01-0812-FD-267

**September 24, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Bryan Scholtes ("Scholtes") pleaded guilty in Dearborn Superior Court to Class D felony possession of a schedule IV controlled substance and was sentenced to 1,095 days with 945 suspended to reporting probation. The State subsequently filed a petition to revoke Scholtes's probation, because he tested positive for morphine and hydrocodone. The trial court revoked the remaining 527 days of Scholtes's probation. Scholtes appeals and argues that revoking the remaining 527 days of his suspended sentence was an abuse of the trial court's discretion.

We affirm.

**Facts and Procedural History**

On January 22, 2009, Scholtes pleaded guilty in Dearborn Superior Court to Class D felony possession of a schedule IV controlled substance and was sentenced on February 13, 2009, to 1,095 days with 945 suspended to reporting probation. Scholtes's conditions of probation included obeying "all city, county, state and federal laws," not using "any illegal drugs or controlled substances," and agreeing "to drug/alcohol testing by the probation department or law enforcement officer." Appellant's App. p. 55.

On December 7, 2010, the State filed its first petition to revoke Scholtes's probation. On January 21, 2011, Scholtes admitted to violating his probation by committing the criminal offense of operating a vehicle with a suspended license. The trial court revoked 180 days of his previously suspended sentence with two days to be served through incarceration and the remainder to be served through Southeast Regional Community Corrections intensive in-home detention.

Three weeks later, on February 11, 2011, the State filed a second petition to revoke Scholtes's probation. On April 11, 2011, Scholtes admitted to violating his probation by using a controlled substance, namely opiates and oxycodone, and the court ordered him to serve 238 days of his suspended sentence and extended his probation by one year.

While serving his probation, Scholtes began participating in the trial court's alternative drug and substance abuse court. Between August 31, 2011 and October 5, 2011, Scholtes either tested positive for or self-reported illegal substance abuse on three separate occasions. Tr. pp. 6-7.

On January 6, 2012, Scholtes submitted to a urine drug screen and tested positive for morphine and hydrocodone. The State subsequently filed a third petition to revoke his probation. At the January 19, 2012 hearing, Scholtes admitted to using a controlled substance. The trial court found that since this was his third probation violation, ordering Scholtes to serve the 527 days of his previously suspended sentence was appropriate. Scholtes now appeals.

**Discussion and Decision**

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. Under Indiana Code section 35-38-2-3(a), a petition to revoke probation may be filed if a person violates a condition of probation during the probationary period. In addition under Indiana Code section 35-38-2-1(b), the court may

3

revoke probation if a probationer commits any additional crime. If a person is found to have violated his probation, the trial court can "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3).

Scholtes argues that revoking 527 days of his suspended sentence was an abuse of the trial court's discretion. He asserts that the trial court failed to consider mitigating factors such as his admission of responsibility and the lack of severity of the allegations of his probation violation, namely, failing a drug screen. He also points to his efforts in drug court as a mitigator. See Appellant's Br. at 4-5.

A probationer must be provided the opportunity to present evidence that mitigates his violation. Cox v. State, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). However, trial courts are not required under Indiana Code section 35-38-2-3 to balance "aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." Mitchell v. State, 619 N.E.2d 961, 964 (Ind. Ct. App. 1993), overruled in part on other grounds by Patterson v. State, 669 N.E.2d 220, 223 n. 2 (Ind. Ct. App.1 995) (holding that in a probation revocation proceeding, probationer's mental health should be considered). Here, Scholtes was permitted the opportunity to present evidence mitigating his violation. Tr. p. 8.

The trial court stated revoking Scholtes's probation was appropriate, because this was "a third probation violation" and his "probation violations while on drug court" were of a "serious nature." Tr. p. 9. We agree. Scholtes committed three separate probation violations, and two of the violations were related to his initial criminal offense of

4

possession of a schedule IV controlled substance. Under these facts and circumstances, the trial court did not abuse its discretion by revoking the 527 days of Scholtes's suspended sentence.

Affirmed.

VAIDIK, J., and BARNES, J., concur.