**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SCOTT WAYNE STEELE, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )     No. 36A01-1112-CR-00608 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-0904-FB-14

**September 25, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Scott Steele ("Steele") pleaded guilty in Jackson Circuit Court to Class B felony child molesting and was sentenced to six years with five and one-half years suspended to probation. The State subsequently filed a petition to revoke Steele's probation. The trial court found by a preponderance of evidence that Steele violated the terms of his probation and ordered that the suspended sentence be executed. Steele appeals and argues that there was insufficient evidence for the trial court to revoke his probation.

We affirm.

**Facts and Procedural History**

In June 2009, Steele pleaded guilty to Class B felony child molesting and was sentenced to six years with five and one-half years suspended to probation. The Jackson Circuit Court ordered that Steele comply with the selected terms and conditions in the "Order of Probation" and with the selected special probation conditions for adult sex offenders in the "Indiana Recommended Special Conditions for Adult Sex Offenders."

On August 4, 2011, twenty-year-old Steele was arrested for underage consumption of alcohol. He was in the presence of minors and was out after his 10:00 p.m. curfew. The State petitioned to revoke Steele's probation on August 9, 2011 alleging eleven probation violations. Several of these alleged probation violations stemmed from the August 4, 2011 incident including: committing a new criminal act, consuming alcohol, being out after 10:00 p.m., and having contact with a person under the age of sixteen.

After a hearing held on December 6, 2011, the Jackson Circuit Court found, by a preponderance of evidence, that Steele had violated the terms of his probation in the following ways: (1) by committing a new criminal offense of illegal consumption of

alcohol, (2) by failing to "work faithfully at suitable employment," (3) by using or possessing alcohol, (4) by failing to pay the monthly supervision fee, (5) by failing to comply with special probation conditions of adult sex offenders, (6) by failing to attend and complete the adult sex offender treatment program, (7) by missing appointments for treatment, psychotherapy, counseling, or self help groups, (8) by traveling alone after 10:00 p.m. without the permission of his probation officer, (9) by contacting persons under the age of sixteen without permission of the court or his probation officer, (10) by failing to complete the travel log or journal as required by his probation officer, and (11) by accessing the internet. Tr. pp. 54-56. As a result, Steele was ordered to serve his suspended term of five and one-half years. Steele now appeals.

**Discussion and Decision**

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. Under Indiana Code section 35-38-2-3(a), a court may revoke probation if a person violates a condition of probation during the probationary period. In addition under Indiana Code section 35-38-2-1(b), the court may revoke probation if a probationer commits any additional crime.

Steele argues that there was insufficient evidence for the trial court to revoke his probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor judge the credibility of the witnesses on appeal." Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citing Marsh v. State, 818 N.E.2d 143, 148 (Ind.

Ct. App. 2004)). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." Id. We are also reminded that the State's burden of proof regarding alleged probation violation is proof by a preponderance of the evidence. Id. In addition, a trial court may consider hearsay evidence that would otherwise be impermissible in a criminal trial, if the hearsay evidence is substantially trustworthy. Reyes v. State, 868 N.E.2d 438, 442 (Ind. 2007) ("The substantial trustworthiness test requires that the trial court evaluate the reliability of the hearsay evidence.").

In the case before us, Steele's probation officer Jacob Findley testified in regard to the August 4, 2011 incident and stated that he had read the charging information and accompanying probable cause affidavit based on Steele's arrest for underage consumption of alcohol. Tr. p. 11. The charging information and affidavit alleged that Steele took a portable breathalyzer test and had a 0.032% blood alcohol content. Furthermore, Findley testified that the juveniles arrested with Steele confirmed he was drinking alcohol and one of the minors present, who was under the age of sixteen, stated Steele had attempted to kiss her.

Adam Nicholson, the arresting officer involved, also testified at trial. Nicholson testified that Steele freely admitted to drinking vodka on August 4 and that Steele was in the presence of minors under the age of sixteen at the time. The State did not have to establish that probationer was convicted of a new crime, but rather only prove by a

preponderance of the evidence that Steele had committed the criminal offense of underage consumption of alcohol. See Ind. Code § 35-38-2-3(e).[1]

As Steele was on probation for child molesting, his underage consumption of alcohol in the presence of minors is a particularly egregious violation of his probation. We have repeatedly noted that a "violation of a single condition of probation is sufficient to permit a trial court to revoke probation." Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005); *see also* Smith v. State, 727 N.E.2d 763, 766 (Ind. Ct. App. 2000); Brooks v. State, 692 N.E.2d 951, 953-54 (Ind. Ct. App. 1998).

In the present case, the trial court found not only that Steele had committed a criminal offense in the presence of minors but also, based on the testimony of his probation officer, that Steele had committed numerous other probation violations as well.[2] The trial court did not abuse its discretion by concluding that the State proved by a preponderance of the evidence that Steele had committed a criminal offense by engaging in underage consumption of alcohol, and that Steele had violated at least one other condition of his probation by being in the presence of minors under the age of sixteen at the time of his underage consumption. Under these facts and circumstances, the trial court's revocation of Steele's probation is supported by sufficient evidence.

---

[1] Before 1983, Indiana's probation revocation statute did not articulate the specific legal standard to be used in determining whether a probation violation offense had occurred, but courts concluded that a probable-cause standard was sufficient for determining whether a new offense had been committed. The current statute contains a specific provision stating that probation violations must be proven by a preponderance of the evidence. We recently held in Heaton v. State that "the correct legal standard in determining if a person on probation has committed another offense is a preponderance of the evidence, as is articulated in the current Indiana Code section 35–38–2–3(e)." 959 N.E.2d 330, 333 (Ind. Ct. App. 2011), reh'g denied (Mar. 30, 2012), trans. granted, opinion vacated by, 969 N.E.2d 604 (Ind. 2012). Our Supreme Court heard oral arguments on this case on September 10, 2012.

[2] Because a single probation violation is sufficient to revoke Steele's probation, we need not discuss the evidence supporting each alleged violation.

Affirmed.

VAIDIK, J., and BARNES, J., concur.