Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jan 30 2013, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JILL R. KINCER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A01-1207-CR-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1012-FD-416

**January 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jill Kincer ("Kincer") appeals the Jackson Circuit Court's revocation of her probation. Kincer argues that the State failed to prove by a preponderance of the evidence that she was advised that as a condition of probation she was not to commit any other criminal offense.

We affirm.

**Facts and Procedural History**

On April 29, 2011, in a case prior to that before us, Kincer was convicted of Class A misdemeanor driving while suspended in Jackson Superior Court. The court sentenced her to serve six months suspended to probation, which began on May 13, 2011.

On May 27, 2011, Kincer pleaded guilty in Jackson Circuit Court in the instant case to Class A misdemeanor possession of a controlled substance and Class A misdemeanor driving while suspended with a prior conviction. The Jackson Circuit Court ordered her to serve concurrent terms of one year for each conviction, but suspended the entire sentence to supervised probation. Her probation in this case was not to begin until Kincer had completed her probation ordered by the Jackson Superior Court for the prior driving while suspended conviction.

On September 27, 2011, the State filed a petition to revoke Kincer's probation in this case after she was charged with theft.[1] Specifically, the State alleged that Kincer stole over $1000 worth of merchandise from the J.C. Penney store in Seymour, Indiana.

After a fact finding hearing was held on June 18, 2012, the Jackson Circuit Court issued an order revoking Kincer's probation. The court ordered Kincer to serve the

---

[1] The State also filed a petition to revoke Kincer's probation in the Jackson Superior Court case.

remaining 357 days of her sentence executed in the Jackson County Jail. Kincer now appeals.

## Discussion and Decision

Kincer argues that the Jackson Circuit Court abused its discretion when it revoked her probation because the "State failed to present any evidence that [she] was placed on probation and given a written statement specifying the conditions of probation as required by I.C. 35-38-2-2.3(b)." Appellant's Br. at 6. The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. Under Indiana Code section 35-38-2-3(a), a court may revoke probation if a person violates a condition of probation during the probationary period. In addition, under Indiana Code section 35-38-2-l(b), the court may revoke probation if a probationer commits any additional crime.

Kincer had not yet begun serving her probation in this case when she was charged with the J.C. Penney theft. Indiana Code section 35-38-2-3(h) provides that a trial court may revoke probation "[i]f the court finds that the person has violated a condition *at any time* before termination of the period[.]" (emphasis added). Our courts have interpreted this statute to mean that probation may be revoked even before it begins. Hardy v. State, 975 N.E.2d 833, 838 (citing Ashley v. State, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999)); see also Rosa, 832 N.E.2d at 1122 ("Because a defendant's probationary period begins immediately after sentencing and ends at the conclusion of the probationary period, . . . the Wabash Circuit Court did not abuse its discretion when it revoked Rosa's probation.").

3

Kincer also argues that the State "failed to submit any evidence to the court that [she] had been given the written statement in this case and cause number specifying the conditions of her probation." Appellant's Br. at 7. Indiana Code section 35-38-2-2.3 provides that a person placed on probation "shall be given a written statement specifying . . . the conditions of probation[.]"

Kincer had not been given a written statement of the conditions of her probation from the probation officer in this case. However, in her plea agreement, she did agree that the standard terms of probation would apply, and her plea agreement also listed other terms of probation such as attending a drug and alcohol abuse program and performing community service. Appellant's App. p. 14. But as to violation of law while on probation,

> [i]t is not necessary to advise a defendant to avoid committing an additional crime as a condition of probation because such a condition is automatically included by operation of law without specific provision to that effect. Therefore, any error in the trial court's failure to provide the defendant with a statement of the conditions of his probation is harmless where the trial court revokes probation for the commission of an additional crime. The trial court may revoke probation for the mere commission of a criminal offense during the probationary period which the State has properly established by a preponderance of the evidence.

Wilburn v. State, 671 N.E.2d 143, 147 (Ind. Ct. App. 1996), trans. denied (internal citations omitted); see also Ind. Code § 35-38-2-1(b)(2) ("The court may . . . terminate the probation . . . at any time. If the person commits an additional crime, the court may revoke the probation.").

Kincer does not challenge the trial court's implicit determination that the State proved by a preponderance of the evidence that she committed the J.C. Penney theft.

Because commission of a criminal offense is sufficient to revoke probation by operation of law, we conclude that the trial court acted within its discretion when it revoked Kincer's probation and ordered her to serve her previously suspended sentence in the Jackson County Jail.

Affirmed.

KIRSCH, J., and CRONE, J., concur.