Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Mar 26 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DONNIE MESSER,                          )
                                        )
    Appellant-Defendant,              )
                                        )
    vs.                               )    No. 44A03-1206-CR-303
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.               )

APPEAL FROM THE LAGRANGE CIRCUIT COURT
The Honorable J. Scott Vanderbeck, Judge
Cause No. 44C01-0702-FA-2

**March 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Donnie L. Messer ("Messer") pleaded guilty to Class B felony manufacturing methamphetamine and was sentenced to twenty years with ten years suspended. He was also placed on probation for ten years. Subsequently, Messer admitted to violating his probation by committing Class A felony dealing in methamphetamine. The trial court revoked his probation and ordered him to serve ten years in the Indiana Department of Correction. Messer now appeals and argues that his probation was improperly revoked.

We affirm.

**Facts and Procedural History**

On February 26, 2007, Messer was charged with Class A felony possession of methamphetamine, Class B felony manufacturing methamphetamine, and Class D felony dumping controlled substance waste. On November 26, 2007, Messer pleaded guilty to Class B felony manufacturing methamphetamine, and the State dismissed the other charges. On January 7, 2008, the trial court sentenced Messer to twenty years with ten years suspended, and he was placed on probation for ten years. On March 21, 2011, the trial court suspended the balance of Messer's sentence and released him early on probation.

On April 14, 2011, a Notice of Probation Violation was filed, which alleged that Messer violated his probation by committing Class A felony dealing in methamphetamine. On June 13, 2012, Messer admitted that he violated his probation.[1] The trial court revoked his probation and ordered him to serve ten years in the Indiana Department of Correction. Messer now appeals.

---

[1] Messer had previously pleaded guilty to the underlying criminal offense. Tr. p. 2.

**Discussion and Decision**

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. If a person is found to have violated the terms of his probation, the trial court can "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3).

Here, Messer admitted he violated his probation by committing the criminal offense of dealing in methamphetamine. Messer cites only one case in his brief, Woods v. State, for the proposition that "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008). While Messer is correct that a probationer must given the opportunity to offer mitigating evidence, his reliance on this case is misplaced. In Woods, the defendant was not allowed the opportunity to explain why he had violated probation, and our supreme court held that "due process requires that a defendant be given the *opportunity* to explain why even this final chance is deserving of further consideration." Id. at 641 (emphasis added). To the extent Messer is arguing that he was denied due process, we note that at the probation revocation hearing, Messer was given ample opportunity to explain why his probation should not be revoked. Tr. p. 4-5. He explained to the court mitigating circumstances and his desire to enter inpatient drug rehabilitation. Id. Thus, Messer was not denied due process.

Messer also argues that revocation of probation was not warranted because "alternatives to incarceration were available[,]" namely an inpatient drug treatment program. Appellant's Br. at 4. Messer cites no authority for this proposition, and, therefore, has waived this argument on appeal. Ind. App. Rule 46(A)(8)(a); see also Smith v. State, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record.").

Waiver notwithstanding, we note that Messer's current offense of dealing in methamphetamine was directly related to and, indeed, one step more serious than, the underlying offense for which he was placed on probation, i.e. manufacturing methamphetamine. Moreover, "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled[,]" and we give "considerable leeway" to a trial court in deciding how to proceed. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Here, the trial court listened to Messer's explanation of mitigating circumstances and noted that it had previously modified Messer's sentence to give him a "fresh start." Tr. p. 5. For all these reasons, we defer to the trial court's decision to revoke probation and conclude the trial court did not abuse its discretion in revoking Messer's probation.

Affirmed.

BAKER, J., and MAY, J., concur.