Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 09 2013, 6:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EUGENE HILL,                          )
                                      )
    Appellant-Defendant,          )
                                      )
        vs.           )      No. 49A02-1210-CR-797
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49G21-1205-CM-33868

**July 9, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The Marion Superior Court revoked Eugene Hill's ("Hill") probation after Hill admitted to four violations of his probation. The trial court ordered Hill to serve the stipulated 180-day sentence in the Marion County Jail, rather than in home detention as requested by Hill. On appeal, Hill argues the trial court abused its discretion when it ordered him to serve his sentence in the Marion County Jail.[1] We disagree and affirm.

**Facts and Procedural History**

On May 21, 2012, the State charged Hill with one count of Class A misdemeanor invasion of privacy for his violation of a protective order issued to protect Andrea Gilmore. The trial court entered a no-contact order to protect Gilmore and placed Hill on pre-trial monitoring on May 23, 2012.

On June 21, 2012, Hill was charged with and pleaded guilty to a second count of Class A misdemeanor invasion of privacy for violating the State's no-contact order not even one month earlier. Pursuant to his plea agreement, the first count was dismissed, and Hill was sentenced to one year, with credit for sixty-four (64) days and the remainder suspended to probation. As conditions of his probation, Hill was required to report regularly to a drug laboratory for urine testing and to attend domestic violence counseling.

On August 20, 2012, the probation department filed a notice of probation violation. On September 10, 2012, an amended notice was filed, including five allegations: (1) that Hill failed to report to the drug laboratory on August 14, 2012; (2) that Hill submitted a urine sample that tested positive for THC; (3) that Hill failed to

---

[1] We held oral argument in this case at Trine University in Angola, Indiana on June 27, 2013 as part of the programming for Hoosier Girls State. We thank the attorneys for their able advocacy, and the attendees and organizers of Hoosier Girls State, and Trine University for their hospitality.

comply with the court order to attend domestic violence counseling; (4) that Hill failed to report to the drug laboratory on August 24, 2012; and (5) that Hill failed to report to the drug laboratory on August 28, 2012.

An evidentiary hearing was held in Marion Superior Court on September 12, 2012. Hill admitted to the first four allegations, and agreed to serve 180 days with placement at the court's discretion, although Hill requested home detention. The trial court revoked Hill's probation and ordered that the 180-day sentence be served in the Marion County Jail. Hill now appeals.

**Discussion and Decision**

Hill argues that the trial court abused its discretion when it revoked his probation and sentenced him to 180 days in the Marion County Jail based on the court's consideration of Hill's previous criminal history. Hill also claimed he would likely lose his employment if he were incarcerated. Appellant's Br. at 4-5.

A trial court's decision to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id.

Under Indiana Code section 35-38-2-3(a), a court may revoke probation if a person violates a condition of probation during the probationary period. When determining whether a probation violation occurred, the trial court may consider "any relevant evidence bearing some substantial indicia of reliability," and the State must prove a violation by a preponderance of the evidence. Whatley v. State, 847 N.E.2d

3

1007, 1010 (Ind. Ct. App. 2006). After finding that a person has violated a condition of probation, the trial court may (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

Without citation to any authority, Hill argues that the trial court abused its discretion because it "relied heavily on [his] criminal history, as though the sentencing were taking place after conviction." Appellant's Br. at 4. Hill also states, "[i]t is true that his prior record was not exemplary, but the effect of the Court's decision was decidedly negative. . ." arguing that his risk of loss of employment if incarcerated weighed heavily in favor of home detention. Id.

The State and Hill reached an agreement on the day of the hearing to limit the revocation to 180 days, and left placement open to the court. Tr. p. 10. By voluntarily waiving a contested hearing and agreeing to a 180-day sentence with open placement, Hill accepted the risk that the court might place him in the Marion County Jail, rather than placing him in home detention.[2]

The trial court determined that a sentence to Marion County Jail was appropriate because Hill "was placed on probation June 21st and his probation is [being] revoked less than three months later. In addition [Hill] has at least four or five felony convictions not counting his misdemeanor convictions. . . ." Tr. pp. 16-17. The court also found that Hill

---

[2] The record does reflect that Hill was willing to pay for home detention services and testified that his employment would be at risk if he were incarcerated.

was not an appropriate candidate for home detention because of his prior and continued criminal activity. In fact, just days before his probation was revoked in this case, he was sentenced for the commission of another crime.[3] Under these facts and circumstances, the trial court did not abuse its discretion when it denied Hill's request for home detention.

Hill admits that he violated the conditions of his probation on four separate occasions and agreed to have his probation revoked for 180 days. Under Indiana Code section 35-38-2-3-(h) the trial court's available sanctions include execution of all or part of a suspended sentence. Although Hill requested an alternative placement, we conclude that the trial court acted within its discretion when it ordered Hill to serve 180 days of his previously suspended sentence in the Marion County Jail.

Affirmed.

BARNES, J., and CRONE, J., concur.

---

[3] Hill acknowledged in the evidentiary hearing that he had been sentenced to four years of home detention for another crime in Marion Criminal Court, Cause Number 49G14-1108-FD-62287. Tr. pp. 12-15.