## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 7:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Craig Bright,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2016

Court of Appeals Case No.
27A05-1604-CR-887

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause No.
27D02-1109-FC-265

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Craig Bright (Bright), appeals the trial court's revocation of his probation and the imposition of his previously suspended sentence.

[2] We affirm.

## ISSUE

[3] Bright raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by ordering Bright to serve his previously suspended sentence after he violated the terms of his probation.

## FACTS AND PROCEDURAL HISTORY

[4] On September 23, 2011, the State filed an Information, charging Bright with burglary, a Class C felony; three Counts of theft, Class D felonies; and four Counts of forgery, Class C felonies. On January 23, 2012, Bright entered into a plea agreement with the State in which he pled guilty to burglary and all four Counts of forgery. The State agreed to dismiss the remaining Counts. On February 13, 2012, in accordance with his plea agreement, Bright was sentenced to eight years, with six years executed and two years suspended to supervised probation.

[5] Bright's supervised probation began on August 13, 2015. In part, Bright's conditions of probation specified that he would: (1) be confined to his residence between 10:00 p.m. and 6:00 a.m.; (2) report to his probation officer; (3) refrain from possessing or consuming controlled substances unless prescribed by a

physician; and (4) submit to any drug screens. On September 30, 2015, Bright tested positive for amphetamines. On October 21, 2015, Bright admitted to using methamphetamine prior to his drug screen. Following Bright's failed drug test and admission of using drugs, the State filed a motion on October 27, 2015, alleging that Bright had violated his probation. In accordance with the State's recommendation, the trial court ordered Bright to serve one weekend in jail and complete a drug and alcohol assessment by November 12, 2015. Bright did not undergo that assessment.

[6]     On November 12, 2015, Bright had a meeting with probation officer Carla Smith (Smith). Bright appeared for that meeting, however, he left early and offered no explanation to the secretarial staff, nor did he reschedule his appointment. On December 29, 2015, Smith and another officer visited Bright's home, and Smith noticed fresh needle marks on Bright's right arm. Smith also observed empty beer cans in the trash. At the end of the visit, Smith instructed Bright to immediately go to the Grant County Jail to take a drug test. Smith called the jail and made arrangements for Bright's drug screen, but Bright was a no-show.

[7]     In the early morning of December 30, 2015, at approximately 1:30 a.m., and in violation of his probation curfew, Bright went to Walmart and then to a gas station to fuel his truck. Field officer Darryl Jackson (Jackson), who was familiar with Bright's truck from a previous home visit, spotted Bright's truck at the Walmart parking lot. Jackson took a picture of Bright's vehicle and immediately sent it to Smith. The following day, Bright contacted Smith and

confessed that he had failed to go to the Grant County Jail for his drug screen as mandated. Bright did not disclose his Walmart and gas station trips; instead, Bright explained that he went to Cornerstone, a drug treatment facility. Specifically, Bright stated that he went to the "access unit at Cornerstone, at which time there was no one to see him and he decided that he would sit in his truck in the parking [] and wait for them to open in the morning so that he could be seen." (Tr. p. 11). Bright informed Smith that he did not leave the Cornerstone parking lot that night, and further indicated that he would have tested positive for methamphetamine had he been tested the previous day.

[8] On January 6, 2016, the State filed a petition to revoke Bright's probation, alleging that Bright had failed a drug test, violated his curfew, failed to report to his probation officer, and failed to submit to a drug test. A bifurcated revocation hearing was conducted on March 14 and March 21, 2016. At the close of the hearing, the trial court found that Bright had violated his probation, and it ordered Bright to serve the remainder of his previously suspended sentence in the Indiana Department of Correction.

[9] Bright now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] On appeal, Bright challenges the revocation of his probation. When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 954-55 (Ind. Ct.

App. 2005), *trans. denied*. Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Id*. at 955. It is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Bonner v. State*, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id*. A probation revocation hearing is in the nature of a civil proceeding and the alleged violation need be proven only by a preponderance of the evidence. *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001). Violation of a single condition of probation is sufficient to revoke probation. *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005).

[11] Probation revocation is a two-step process. *Sanders*, 825 N.E .2d at 955. First the trial court must make a factual determination that a violation of a condition of probation actually has occurred. *Id*. If a violation is proven, then the trial court must determine if the violation warrants the revocation of the probation. *Id*.

[12] Bright asserts that the trial court should have given greater weight to his admission that he was addicted to drugs and was desperate to get help for his addiction. In his appellate brief, Bright specifies that the trial court abused its discretion by finding that

> there were no mitigating factors, even though Bright admitted to
> his drug use, both to his probation officer and during the hearing,

and admitted that he had failed to report because he was waiting to enter treatment at Cornerstone, [on] his own volition, without [the] court['s] [] intervention . . .

(Appellant's Br. p. 11).

[13] Despite his claim, we note that "trial courts are not required to balance aggravating or mitigating circumstances when imposing a sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*. Bright conceded that he violated the terms of his probation by using drugs, by failing to appear for a meeting with his probation officer, by failing a drug screen, and by being outside his home past his curfew. During the probation revocation hearing, Bright presented testimony to explain why he violated his curfew on December 30, 2015. Specifically, Bright explained that he left his house to go Walmart at around 1:30 a.m. to buy books, Sudoku, and a pair of eye glasses, in anticipation of checking himself in at the Cornerstone facility for drug treatment. Bright claimed that he was parked outside the treatment facility until the next morning. Despite the fact that Bright argues that the trial court should have taken into consideration his version of events, the trial court chose to regard his claim as an insufficient excuse. Moreover, even if we were to disregard his curfew violation, that still leaves three other violations. *See Rosa,* 832 N.E.2d at 1119 (holding that a violation of a single condition of probation is sufficient to revoke probation). Accordingly, in light of Bright's probation violations, we find no abuse of

discretion in the trial court's decision to revoke Bright's probation and to order him to serve the remainder of his sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking Bright's probation and ordering him to serve the remainder of his sentence.

Affirmed.

Bailey, J. and Barnes, J. concur