## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2018, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tracy M. Inman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2018

Court of Appeals Case No.
78A01-1711-CR-2596

Appeal from the Switzerland Circuit Court

The Honorable W. Gregory Coy, Judge

Trial Court Cause No.
78C01-1301-FB-30

**Crone, Judge.**

# Case Summary

[1] Tracy Inman argues that the trial court abused its discretion in executing her suspended sentence following two probation violations. Finding that the court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On January 18, 2013, Inman was charged with class B felony escape, class D felony battery, and class D felony resisting law enforcement. On September 1, 2015, Inman pled guilty but mentally ill to the escape charge in exchange for the remaining charges and charges in four other cases being dismissed, and she was placed on supervised probation for 1208 days.

[3] On August 31, 2016, the State filed a petition alleging that Inman had violated her probation by pleading guilty to disorderly conduct in Ohio in July 2016. Inman later admitted to the violation, and the trial court sanctioned her with time served. On August 1, 2017, the State filed a second petition alleging that Inman had again violated her probation by committing the offense of disorderly conduct in Ohio in June 2017 and by failing to report to her Ohio probation office.

[4] Inman's probation officer was unable to locate her, and a bench warrant was issued for Inman's arrest on August 1, 2017. She was served with the warrant, and on September 27, 2017, Inman turned herself in to the local jail.

At a factfinding hearing in October 2017, Inman admitted to violating her probation, and the trial court executed the remaining 1124 days of her suspended sentence to the Indiana Department of Correction. This appeal ensued.

## Discussion and Decision

Inman argues that the trial court erred in revoking her probation. Her appeal turns on the subsection of the Indiana Code that governs the disposition of probation violations, which states in pertinent part:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

"Probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005). "Probation revocation is a two-step process. First, the court must make

a factual determination that a violation of a condition of probation actually occurred.  If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997).  "When there is proof of a single violation of the conditions of probation, the court may revoke probation." *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.  A trial court's sentencing decisions for probation violations are reviewed under the abuse of discretion standard.  *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court."  *Id*.

[8] Inman argues that the trial court's order to execute the remainder of her previously suspended sentence in the Indiana Department of Correction was an abuse of discretion because she suffered from mental illnesses, noting that (1) she pled guilty but mentally ill to the underlying offense, and (2) the presentence investigation report indicates she was diagnosed with attention deficit hyperactivity disorder (ADHD) and bipolar disorder in approximately 2005 when she was twenty years old.

[9] Inman's sentence was not an abuse of discretion.  She repeatedly violated her probation by being convicted of disorderly conduct twice and failing to report for probation.  The record indicates that the trial court did acknowledge that Inman pled guilty but mentally ill and that the court did not consider her to be "a good candidate for continued probation."  Tr. at 11-12.  Inman attempts to minimize her probation violations by contending that they occurred during a

period of grief following the loss of her child in 2015. However, as the State points out, "[g]rief is not a mental illness… and its existence does not provide a nexus between Inman's alleged mental health conditions and being convicted of disorderly conduct twice while on probation and then seemingly evading contact with probation." Appellee's Br. at 12-13. Thus, the trial court could certainly conclude that Inman was unwilling to cooperate with the conditions of her probation.

[10] Given Inman's multiple probation violations, criminal history, and unwillingness to comply with the conditions of her probation, the trial court acted within its discretion when it executed the remainder of her previously suspended sentence.

[11] Affirmed.

Bailey, J., and Brown, J., concur.