Troy R. ASHLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9906–CR–446.

Court of Appeals of Indiana.

Oct. 19, 1999.

Rehearing Denied Dec. 3, 1999.

Donna S. Sipe, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Troy R. Ashley appeals the trial court's denial of his motion to dismiss the State's petition to revoke his probation.[1]

We affirm.

---

1. The petition was entitled "Violation of Executed/Suspended Sentence." (R. 107).

## ISSUES

Ashley raises three issues for our review, which we consolidate and restate as:

I.   Whether the trial court erred in determining that the petition to revoke was timely filed.

II.  Whether the petition to revoke was barred by the equitable doctrine of laches.

## FACTS AND PROCEDURAL HISTORY

On June 9, 1997, Ashley pleaded guilty to the offense of intimidation. On the same date, the trial court sentenced Ashley to the Department of Correction for thirty months, with six months executed, and the remainder suspended, and two and a half years of probation. On June 10, 1997, Ashley committed the criminal offenses of battery by bodily waste, intimidation, and resisting law enforcement while incarcerated. Ashley was found guilty as charged on December 14, 1998.

Also on December 14, 1998, the Madison County Probation Department filed the petition to revoke probation against Ashley, alleging that Ashley violated the terms and conditions of his probation by violating the laws of Indiana or the United States and by failing to behave well in society by committing the new criminal offenses. The trial court subsequently held a hearing to determine whether Ashley did violate the terms of his probation. During the hearing, Ashley moved to dismiss the State's petition. The motion to dismiss was denied, and the trial court revoked Ashley's probation and sentenced him to serve the suspended portion of his sentence at the Department of Correction. This appeal ensued.

## DISCUSSION AND DECISION

### I.  TIMELINESS OF THE PETITION TO REVOKE

■ Ashley contends that the State failed to file its petition to revoke in a timely manner. Specifically, Ashley argues that the State's petition was not filed within the probationary period or within forty-five days after the State received notice of his probation violation.

Ind.Code § 35–38–2–3(a) sets forth the time limits for filing a petition to revoke a defendant's probation. This statute provides in relevant part that:

The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

Ind.Code § 35–38–2–3(g) provides that a trial court may revoke probation at any time before the termination of the probationary period. We have interpreted this provision to allow the trial court to revoke probation "before a defendant has completed serving his sentence or to revoke probation before the defendant enters the probationary phases of his sentence." *Ashba v. State,* 570 N.E.2d 937, 939 (Ind. Ct.App.1991), *cert. denied,* 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428. *See also, Gardner v. State,* 678 N.E.2d 398, 401 (Ind.Ct.App.1997) (holding that defendant's probation was properly revoked for a violation occurring before defendant began to serve his sentence); *Johnson v. State,* 606 N.E.2d 881 (Ind.Ct.App.1993) (holding that defendant's probation was properly revoked for a violation occurring while he was incarcerated).

■ It follows from these cases that the term "probationary period," as used in both subsections (a) and (g) of Ind.Code § 35–38–2–3, means that period of time beginning immediately after sentencing and ending at the conclusion of the "probationary phases" of the defendant's sentence. Here, the petition was filed after

sentencing but before the conclusion of the "probationary phase." Accordingly, the petition was timely filed during the "probationary period."

The forty-five day requirement set forth in Ind.Code § 35–38–2–3(a)(2)(B) "applies only if a defendant's probation has ended and the State has notice that the defendant violated his probation." *Louth v. State,* 705 N.E.2d 1053, 1058 (Ind.Ct. App.1999), *reh'g denied,* 712 N.E.2d 55 (*quoting Sutton v. State,* 689 N.E.2d 452, 455 (Ind.Ct.App.1997), *reh'g denied*). Accordingly, the requirement is not applicable to this case.

## II. LACHES

Ashley also contends that the State's petition was barred by the equitable doctrine of laches. Specifically, Ashley argues that the State knew of the violation for an unreasonably lengthy period of time before filing the petition and that the delay in filing resulted in prejudice to him.

Laches is the "neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." *Perry v. State,* 512 N.E.2d 841, 842 (Ind. 1987) (*quoting Frazier v. State,* 263 Ind. 614, 335 N.E.2d 623, 624 (1975)). In order to prevail upon a claim of laches, in the criminal context, a party must demonstrate that the person initiating the action unreasonably delayed in seeking relief and that the adverse party has been prejudiced. *Douglas v. State,* 634 N.E.2d 811, 815 (Ind.Ct.App.1994), *corrected on reh'g on another issue,* 640 N.E.2d 73 (1994), *trans. denied.*

The basis for Ashley's claim of prejudice is that "he is now facing an executed sentence which is 24 months longer than that originally pronounced against him." Appellant's Brief at 15. The trial court revoked Ashley's probation and ordered that the remainder of his sentence be executed. There is no indication that the trial court would have reached a different decision if the probation department had filed the notice of revocation at an earlier time. Thus, there is no prejudice.

## CONCLUSION

The petition to revoke probation was timely filed within the "probationary period" designated by Ind.Code § 35–38–2–3(a). Furthermore, no prejudice arose from the probation department's delay in filing the petition. Accordingly, the trial court did not err in denying Ashley's motion to dismiss.

Affirmed.

GARRARD, J., and RUCKER, J., concur.