# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**RYAN D. BOWER**
Allen Allen & Brown
Salem, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Sep 28 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PAUL HARDY,                    )
                              )
    Appellant-Defendant,       )
                              )
        vs.                    )    No. 88A01-1203-CR-93
                              )
STATE OF INDIANA,              )
                              )
    Appellee-Plaintiff.        )

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No.  88C01-9609-CF-350
           88C01-0008-CM-238
           88C01-0101-CM-015
           88C01-0301-FD-046
           88C01-0304-FB-128

**September 28, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Paul Hardy appeals the trial court's revocation of his probation in multiple cases. For our review, Hardy raises one issue: whether the trial court properly ordered him to serve all of his previously suspended sentences when it revoked his probation. Concluding the trial court did not abuse its discretion in its disposition of Hardy's probation revocation, we affirm.

Facts and Procedural History

This case concerns the status of five separate but ultimately inter-related criminal cases against Hardy:

Cause Number 88C01-9609-CF-350 ("Cause 350"): Hardy was convicted in 1997 of three counts of burglary, all Class C felonies. He was sentenced to ten years in the Indiana Department of Correction ("DOC"), with four years suspended to probation. He began serving his probation on December 23, 1999, with a "maximum termination date" of December 23, 2003. Appellant's Appendix at 26.

Cause Number 88C01-0008-CM-238 ("Cause 238"): Hardy was convicted in 2000 of operating a vehicle while never licensed, a Class C misdemeanor. He was sentenced to sixty days in jail, with credit for one day served and the remainder suspended to probation. He began serving his probation on October 9, 2000, with a maximum termination date of December 8, 2000.

Cause Number 88C01-0101-CM-15 ("Cause 15"): Hardy was convicted on February 28, 2002, of operating a vehicle while never licensed, a Class C misdemeanor. He was

sentenced to sixty days in jail with twenty days to be executed and the remaining forty days suspended. He was also placed on probation for one year, with a maximum termination date of March 7, 2003. As part of the plea agreement resolving Cause 15, petitions for revocation of probation that had been filed in Cause 350 and Cause 238 were dismissed.

January 29, 2004 Plea Agreement (Cause Numbers 88C01-0304-FB-128 ("Cause 128"), 88C01-0301-FD-46 ("Cause 46"), and 88C01-0306-FB-228 ("Cause 228")[1]): On January 29, 2004, Hardy pleaded guilty to residential entry, a Class D felony, in Cause 128; theft, a Class D felony, in Cause 46; and dealing in a schedule II controlled substance, a Class B felony, in Cause 228. He was sentenced to consecutive terms of three years for residential entry, two years for theft, and ten years for dealing, for a total sentence of fifteen years with five years suspended to probation, to "run consecutive to current probation" in Causes 15, 238, and 350. Id. at 39. Also as part of the plea agreement, petitions for probation revocation filed in Causes 15, 238, and 350 were dismissed. He began serving his probation as a result of this plea agreement on January 19, 2010, with a maximum termination date of January 18, 2015.

Hardy was released from incarceration on May 8, 2009. On February 11, 2010, the trial court, at the request of the State and Hardy, extended Hardy's probation in Causes 350, 238, and 15 to be completed by January 8, 2014. Thereafter, in May and June of 2011, petitions for revocation were filed in the five causes now on appeal. On February 2, 2012, the trial court issued the following order:

---

[1] Cause 228 is not part of this appeal, but is included herein in the interests of completeness.

3

The Court having taken ruling under advisement and being duly advised, does now grant the State's request and Orders that Paul Hardy's probation in all cases be revoked and that [Hardy] serve his remaining suspended sentence at the Indiana Department of Correction and Washington County Jail as set out below:

    A. To the Indiana Department of Correction in [Cause 350], 4 years;

    B. To the Washington County Jail in [Cause 238], 58 days;

    C. To the Washington County Jail in [Cause 15], 40 days;

    D. To the Indiana Department of Correction for a total of 5 years, 2 years in [Cause 46]; 3 years in [Cause 128] (to run consecutively)

    E. All sentences are to be served consecutively.

The Court, being duly advised, hereby grant's [sic] the State's request and Orders that Paul Hardy's probation in [Causes 350, 46, and 128] be revoked and that [Hardy] serve his remaining sentence of 3,285 days at the Department of Correction and [Cause 238] be revoked and [Hardy] serve his remaining sentence of 58 days at the Washington County Jail and [Cause 15] be revoked and that [Hardy] serve his remaining sentence of 40 days (to run consecutive) at the Washington County Jail. [Hardy] shall receive 16 days good time credit, 8 actual days.

Amended Appellant's Brief at 10-11. Hardy appeals the trial court's disposition upon revoking his probation.

## Discussion and Decision

### I. Standard of Review

Probation revocation is a two-step process. Alford v. State, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), trans. denied. First, the court must make a factual determination that a violation of a condition of probation has occurred. Id. Second, the trial court must determine if the violation warrants revocation of the probation. Ripps v. State, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). Upon revoking probation, the trial court may impose one of several sanctions provided by statute. Alford, 965 N.E.2d at 134; see also Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations for an abuse of

4

discretion. <u>Alford</u>, 965 N.E.2d at 134. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. <u>Id.</u>

## II. Sentence for Violating Probation

Hardy "does not try to improve his situation by arguing that the probation was revoked without cause . . . ." Amended Appellant's Br. at 3-4. Rather, he argues that the trial court abused its discretion in ordering him to serve all of his suspended time in these five causes because "[s]urely, between May 9th, 2009 (prison release date) and May 17th, 2011 (revocation filing date), one or more of [his] probations had closed." <u>Id.</u> at 4. His appeal requires consideration of several provisions of Indiana Code section 35-38-2-3:

> (a) The court may revoke a person's probation if:
>        (1) the person has violated a condition of probation during the probationary period; and
>        (2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:
>        (A) One (1) year after the termination of probation.
>        (B) Forty-five (45) days after the state receives notice of the violation.
> (b) When a petition is filed charging a violation of a condition of probation, the court may:
>        (1) order a summons to be issued to the person to appear; or
>        (2) order a warrant for the person's arrest if there is a risk of the person's fleeing the jurisdiction or causing harm to others.
> (c) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge.
> * * *
> (h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>        (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>        (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

## A. Causes 350, 238, and 15

Hardy contends that his probation in Causes 350, 238, and 15 should not have been revoked because the revocation petition was filed "much later than one year after the maximum termination date . . . ." Amended Appellant's Br. at 5. However, Hardy signed an agreement extending his probation in these three cases to January 8, 2014, to allow him "additional time to complete his/her probation requirements, including payment of fines and costs." Appellant's App. at 47. He argues that this agreement was improper because it extended his probation longer than allowed by law. Further, he contends it was improper because he was not represented by counsel when he signed it.

Indiana Code section 35-38-2-3(e) provides a right to counsel prior to revocation of his probation. See Bumbalough v. State, 873 N.E.2d 1099, 1102 (Ind. Ct. App. 2007). The probation extension agreement, however, does not appear to be a result of a probation revocation proceeding and Hardy has not shown he had a right to counsel when entering into the agreement. See Ind. Appellate Rule 46(B)(8)(a) (requiring all contentions to be supported by cogent reasoning and citations to authority).

Hardy also contends that based on Indiana Code section 35-38-2-3(g), his probation could not be extended for more than one year beyond his original probationary period and the agreement improperly extended it for more than three years. A probation modification agreement is akin to a plea agreement. Watson v. State, 833 N.E.2d 497, 500 (Ind. Ct. App. 2005). The decision to accept or reject a plea agreement is a matter left to a trial court's

6

discretion. Allen v. State, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007). Once a plea agreement is accepted by the trial court, the plea agreement, like a contract, is binding upon both parties and the trial court. Id. Our supreme court has held that "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Collins v. State, 509 N.E.2d 827, 833 (Ind. 1987). The benefit to Hardy here was that revocation proceedings were apparently foregone in lieu of extending his probation to allow him more time to comply with the terms.[2] Moreover, as the State notes, Hardy raised no challenge to the extension agreement before the trial court, and therefore has waived any issues relating to it. See Wilson v. State, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010) ("The failure to raise an issue at trial waives the issue on appeal."), trans. denied.

We acknowledge these cases are quite old and the probationary period in at least Causes 238 and 15 were quite short. However, Hardy's repeated violations of the law have resulted in multiple petitions to revoke being filed and multiple extensions of his probationary period by law, see Ind. Code § 35-38-2-3(c), (h), as well as by his agreement. In short, we cannot say the trial court abused its discretion in revoking Hardy's probation in Causes 350, 238, and 15 and ordering that he serve the suspended time when the revocation

---

[2] Although Hardy contends he was given more time only to pay fines and costs, the agreement actually states that he is afforded additional time to complete his probation requirements "including fines and costs." Appellant's App. at 47. Hardy's probation requirements were not just fines and costs but also community service.

petitions were filed within the probation period as extended by agreement between Hardy and the State and approved by the trial court.[3]

## B. Causes 46 and 128

Hardy contends his probation in Causes 46 and 128 had not yet begun when the probation revocation petitions were filed and therefore the trial court abused its discretion in revoking his probation and ordering him to serve his suspended time in these cases prospectively. Specifically, he argues that the January 2004 plea agreement specifically provided that he would not begin serving his probation in these causes until after his probation in Cause 350 and revoking his probation prospectively denies him the benefit of his bargain.

Indiana Code section 35-38-2-3(h) provides that a trial court may revoke probation "[i]f the court finds that the person has violated a condition <u>at any time</u> before termination of the period . . . ." (Emphasis added.) This has been interpreted to mean that probation may be revoked even before it begins. <u>Ashley v. State</u>, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999). In <u>Rosa v. State</u>, 832 N.E.2d 1119 (Ind. Ct. App. 2005), the defendant was to serve a two-year sentence suspended to probation in Wabash County consecutively to a sentence he was

---

[3] The State has meticulously set forth in its brief the procedural history of Cause 350, in which the various probation revocation petitions filed during its pendency and Hardy's incarceration for other cases had extended, by virtue of the tolling provision of Indiana Code section 35-38-2-3(c), his probationary period in that cause to August 2011 notwithstanding the probation extension agreement, a date well after the current petition to revoke was filed. <u>See</u> Brief of Appellee at 9-13. The State has also meticulously documented the procedural history of Cause 15, in which his probationary period was extended to June 2009, and noting that pursuant to Indiana Code section 35-38-2-3(a)(2)(1), a revocation petition could have been filed in that cause up to June 2010, after the date of the extension agreement. <u>See id.</u> at 13-14. Finally, the State has agreed with Hardy that his probation in Cause 238 was improperly revoked because the one-year limitation period of Indiana Code section 35-38-2-3(a)(2)(1) was exceeded prior to the extension agreement. Though we appreciate the State's candor, the State's concession is not determinative because we have held that Hardy

8

serving in Grant County. The order of probation showed he would begin serving his probation on February 15, 2007. However, on October 16, 2004, the defendant was charged with a crime, and Wabash County subsequently revoked his probation. The defendant argued that Wabash County had no authority to prospectively revoke his probation when it was specifically ordered to be served following another sentence that he was still serving at the time of the violation. This court disagreed, noting that under the defendant's reasoning, "he could commit any number of offenses from 2004 to 2007 and not face a probation violation." Id. at 1122. Because the "probationary period begins immediately after sentencing and ends at the conclusion of the probationary phase of the defendant's sentence[,]" id. at 1121, Wabash County had the authority to revoke his probation even before he had begun to serve it.

The same reasoning applies here. Although Hardy was still serving his probation in Cause 350 at the time and therefore had not begun serving his probation in Causes 46 and 128 the petitions for revocation were filed, the trial court still had the authority to revoke his probation in those cases and did not abuse its discretion in doing so upon finding a violation.

## Conclusion

The trial court did not abuse its discretion in revoking Hardy's probation in any of the five cases on appeal or in ordering that he serve all of his previously suspended time. The trial court's order on violation of probation is affirmed.

Affirmed.

---

waived any error in the extension by agreeing to it.

BAKER, J., and BRADFORD, J., concur.