**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANTHONY C. LAWRENCE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 24 2013, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LEONA PEAVLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 48A02-1209-CR-775 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1110-FC-1997

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Leona Peavler pled guilty to class C felony non-support of a dependent child and was sentenced to two years of home detention and six years of probation. She admitted to violating the terms of her home detention by using methamphetamine, and the trial court ordered her incarcerated for the balance of her eight-year sentence. Peavler contends that the trial court abused its discretion in doing so. We affirm.

**Facts and Procedural History**

In October 2011, the State charged Peavler with class C felony non-support of a dependent child. Peavler agreed to plead guilty and that she would receive an eight-year sentence in the Department of Correction, with two years executed on home detention and six years suspended to probation. On April 9, 2012, the trial court sentenced her pursuant to the terms of the plea agreement. One of the terms of probation was the successful completion of home detention.

On August 1, 2012, the State filed a petition for termination of home detention/suspended sentence. On August 6, 2012, the State filed an amended petition alleging that Peavler had violated the rules of home detention by testing positive for methamphetamine on July 12, 2012, and by testing positive for methamphetamine and opiates on July 24, 2012. The petition also alleged that Peavler had admitted to using methamphetamine "a few days" before her July 12 urine test. Appellant's App. at 44. On September 10, 2012, the trial court held a hearing on the petition. Peavler claimed that she had prescriptions for the opiates and admitted to using methamphetamine. The trial court

2

found that Peavler had violated the conditions of her home detention by possessing methamphetamine and ordered her incarcerated for the balance of her eight-year sentence. This appeal ensued.

**Discussion and Decision**

"The consideration and imposition of alternatives to incarceration is a matter of grace left to the discretion of the trial court." *Hollar v. State*, 916 N.E.2d 741, 744 (Ind. Ct. App. 2009) (footnote and quotation marks omitted). "For purposes of appellate review, we treat a hearing on a petition to revoke a placement of in home detention the same as we do a hearing on a petition to revoke probation." *Williams v. State*, 937 N.E.2d 930, 933 (Ind. Ct. App. 2010).

> Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation has occurred. Second, the trial court must determine if the violation warrants revocation of the probation. Upon revoking probation, the trial court may impose one [or more] of several sanctions provided by statute.

*Hardy v. State*, 975 N.E.2d 833, 835 (Ind. Ct. App. 2012) (citations omitted). Those sanctions include continuing the person on probation, with or without modifying or enlarging the conditions, extending the person's probationary period for not more than one year beyond the original probationary period, and ordering execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). "We review a trial court's sentencing decisions for probation violations for an abuse of discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court." *Hardy*, 975 N.E.2d at 834 (citation omitted).

3

Peavler does not challenge the trial court's finding that she violated the rules of her home detention and focuses solely on its sentencing decision. Peavler claims that the trial court abused its discretion in ordering her to serve the balance of her sentence because

> [t]he record here indicates [she] had struggled for some time with substance abuse. It appeared from the record that [she] possessed some legitimate prescriptions for the substances identified in her positive screen stemming from physical injury. Further, it appeared that she had taken positive steps forward in cultivating a new relationship with her child and secured a residence with her mother and step-father that would be drug and alcohol free.

Appellant's Br. at 9.

We do not find Peavler's argument persuasive. She violated the rules of her home detention within a matter of months by using methamphetamine, and she offered no corroborating proof of her prescriptions for opiates. She has been convicted of numerous traffic offenses, including seatbelt violations and operating a vehicle without financial responsibility, and at the time of her guilty plea was facing charges for class A misdemeanor operating a vehicle while intoxicated and operating a vehicle with a blood alcohol concentration of .15 of greater.[1] She was convicted of two counts of theft/receiving stolen property in July 2001 and subsequently violated probation numerous times, failed to appear for evidentiary hearings, and was found in contempt multiple times. When asked whether she "[h]onestly" believed that she deserved "yet another break" for her latest transgressions, Peavler answered, "No." Tr. at 41, 42. Based on Peavler's demonstrated inability or

---

[1] These charges were mentioned at the violation hearing, and Peavler said, "I went to court on that and I'm supposed to be doing community service, which I have to finish that up by I believe the middle of next month." Tr. at 44.

unwillingness to obey the law and the conditions of probation and in-home detention, we cannot say that the trial court abused its discretion in ordering her incarcerated for the balance of her eight-year sentence. Therefore, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.