## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Elizabeth M. Littlejohn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony H. Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 31, 2017<br><br>Court of Appeals Case No.<br>20A04-1703-CR-540<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Gretchen S. Lund, Judge<br><br>Trial Court Cause Nos.<br>20D04-1305-FD-486<br>20D04-1402-FD-200<br>20D04-1605-F6-519 |

**Crone, Judge.**

# Case Summary

Anthony H. Taylor appeals the trial court's revocation of his probation. He contends that the trial court abused its discretion. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

On October 13, 2013, Taylor pled guilty to class D felony theft and to being a habitual offender in cause number 20D04-1305-FD-486 ("Cause 486"). The trial court imposed a suspended sentence of two years in a community corrections work release program with a two-year suspended habitual offender sentence enhancement. On March 5, 2013, Taylor began serving his community corrections sentence in Cause 486 after completing a sentence in a prior case. He was projected to finish his commitment in Cause 486 on March 4, 2016, and would then begin two years of probation.

On August 13, 2015, Taylor pled guilty to class D felony failure to return to lawful detention in cause number 20D04-1402-FD-200 ("Cause 200"). The trial court sentenced him to 1095 days, with 365 days suspended to probation. Taylor was to serve the executed portion of his sentence, 730 days, in community corrections (home detention) before serving the suspended portion of his sentence. On December 11, 2015, Michiana Community Corrections filed a notice of violation of their home detention program based on Taylor absconding from electronic monitoring. On January 8, 2016, a notice of probation violation was also filed in Cause 200 on the same basis.

[4] On May 4, 2016, Taylor stole $1489 worth of merchandise from a Kohl's store in Elkhart County. He was subsequently charged with level 6 felony theft and with being a habitual offender in cause number 20D04-1605-F6-519 ("Cause 519"). Based upon Taylor's commission of this new crime, Michiana Community Corrections filed another notice of violation of their home detention program in Cause 486, and a supplemental notice of probation violation was also filed in Cause 200.

[5] Following a bench trial on December 12, 2016, Taylor was found guilty as charged in Cause 519. On February 2, 2017, the trial court held a consolidated sentencing hearing during which, in addition to the conviction in Cause 519, the court considered the community corrections and probation violations in Cause 486 and Cause 200. Taylor admitted that he violated the terms and conditions of community corrections in both Cause 486 and Cause 200, but he denied that his commission of a new crime violated his probation in Cause 200 because he was not yet serving the probationary phase of his sentence when he committed the theft.

[6] At the conclusion of the hearing, the trial court revoked Taylor's community corrections placement in Cause 486, as well as both his community corrections placement and his probation in Cause 200. The court found Taylor's extensive criminal history consisting of thirty-six convictions, and his repeated violations of probation and community corrections as aggravating factors. The trial court found as mitigating that Taylor participated in several beneficial programs during his incarceration and that he accepted responsibility for most of his

behavior.  The trial court sentenced Taylor to two years' imprisonment enhanced by four years in Cause 519.  The court ordered Taylor to serve two years in Cause 486, consecutive to the sentence imposed in Cause 519, and with a two-year enhancement to run concurrent with the enhancement in Cause 519. Regarding Cause 200, the trial court ordered Taylor to serve a three-year sentence consecutive to the sentence imposed in Cause 486.

[7] Taylor filed his notice of appeal on May 3, 2017.  We subsequently granted his motion to consolidate all three lower court causes in one appeal, and this consolidated appeal ensued.

## Discussion and Decision

[8] Although this is a consolidated appeal of three cases, Taylor appeals only the trial court's revocation of his probation in Cause 200.  "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion.  *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. We neither reweigh evidence nor reassess witness credibility, and we consider only the evidence favorable to the trial court's judgment. *Id*.

[9] Taylor's sole assertion is that the trial court abused its discretion in revoking his probation in Cause 200 because he was not yet serving the probationary phase of his sentence but rather was still serving the executed portion of his sentence in community corrections at the time of his violation. Indiana Code Section 35-38-2-3(a) provides in relevant part that the trial court may revoke a person's probation if the person "has violated a condition of probation during the probationary period." It is well established that, regardless of when a defendant enters or begins serving the official probationary phase of his sentence, a defendant's "probationary period" begins immediately after sentencing. *Baker v. State*, 894 N.E.2d 594, 597-98 (Ind. Ct. App. 2008) (citing *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005); *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied* (2001); *Ashley v. State*, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999); *Gardner v. State*, 678 N.E.2d 398, 401 (Ind. Ct. App. 1997); *Childers v. State*, 656 N.E.2d 514, 518 (Ind. Ct App. 1995), *trans. denied* (1996); *Johnson v. State*, 606 N.E.2d 881, 882 (Ind. Ct. App. 1993); *Ashba v. State*, 570 N.E.2d 937, 939 (Ind. Ct. App. 1991), *aff'd* 580 N.E.2d 244 (Ind. 1991), *cert. denied*, 503 U.S.1007 (1992)).

[10] Here, Taylor's probationary period in Cause 200 began when he was sentenced on August 13, 2015. That same day, he was informed in open court of the terms and conditions of his probation, and the trial court instructed the sheriff's deputy to provide him with a copy of the probation terms before he left the courtroom. Tr. Vol. 2 at 87-88. Term number three of Taylor's probation specified that he was not to violate "any law." *Id.* On May 6, 2016, while he

was serving the executed portion of his sentence in community corrections, Taylor was charged with committing level 6 felony theft, and he was later convicted of that crime following a bench trial. This was a violation of the terms and conditions of his probation, and the trial court was well within its discretion in revoking Taylor's probation in Cause 200 on that basis. Contrary to Taylor's assertion, it is of no moment that he had not yet entered the probationary phase of that sentence at the time he committed a new crime. The trial court's revocation of Taylor's probation is affirmed.

[11] Affirmed.

Baker, J., and Barnes, J., concur.