## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Apr 16 2018, 9:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Meghan K. Kugel
Osceola, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Malcolm A. Walker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 16, 2018

Court of Appeals Case No.
20A05-1706-CR-1408

Appeal from the Elkhart Superior Court.
The Honorable Teresa L. Cataldo, Judge.
Trial Court Cause Nos.
20D03-1210-FD-1233
20D03-1409-FC-181

**Shepard, Senior Judge**

[1] Appellant Malcolm Walker was found to have violated the probation for his convictions of failure to register as a sex offender in Cause Number 20D03-1210-FD-1233 ("Cause 1233") and child molesting in Cause Number 20D03-2409-FC-181 ("Cause 181"). Concluding the trial court correctly determined

that he was on probation for both causes at the time of his violation, we affirm the court's revocation of his probation in both Causes 1233 and 181.

# Facts and Procedural History

[2] Having been previously convicted of child molesting and therefore required to register as a sex offender, Walker was subsequently charged with failing to do so in Cause 1233. He pleaded guilty to the charge and was sentenced on September 23, 2013 to eighteen months at DOC, with all but six months suspended and reporting probation for twelve months.

[3] On September 3, 2014, Walker was charged with child molesting and being a repeat sexual offender in Cause 181. Based on these new charges, the State filed a petition in March 2015, alleging Walker had violated his probation in Cause 1233. Walker pleaded guilty to the child molesting charge in Cause 181, and the State dismissed its pending petition in Cause 1233. The court sentenced Walker to eight years at DOC, all of it suspended to reporting probation and ordered to be served consecutively to his sentence and probation in Cause 1233.

[4] In February 2017, the State filed further probation violation petitions in Causes 1233 and 181 for several alleged violations committed by Walker. He admitted to violating his probation, and the trial court revoked his probation in both causes. He now appeals that determination.

# Issues

Walker presents two issues to this Court, which we restate as:

    I.     Whether his admission was invalid due to inadequate advisements; and

    II.    Whether the trial court erred in revoking his probation.

# Discussion and Decision

## I. Due Process Rights

Walker contends that his due process rights were violated because he was not adequately advised that his probation in *both* Cause 1233 *and* Cause 181 could be revoked. Specifically, he alleges it was not made clear to him that his probation may be revoked in both causes "until after the Court found that he had violated the terms of his probation." Appellant's Br. p. 15.

Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, the Due Process Clause of the Fourteenth Amendment does impose certain procedural and substantive limits on the revocation of the conditional liberty created by probation. *Knecht v. State*, 85 N.E.3d 829 (Ind. Ct. App. 2017). The minimum requirements of due process to which a probationer at a revocation hearing is entitled include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence

relied on and the reasons for revoking probation. *Vernon v. State*, 903 N.E.2d 533 (Ind. Ct. App. 2009), *trans. denied*.

[8] Here, at the initial hearing on the State's petitions, the court began by advising Walker that there were two petitions for probation violation, one in Cause 1233 and one in Cause 181. Tr. Vol. II Cause 181, p. 85; Tr. Vol. II Cause 1233, p. 102. The judge then gave Walker copies of both petitions, and, beginning with Cause 181, went through the allegations in each petition on the record. Tr. Vol II Cause 181, pp. 86, 87-89; Tr. Vol. II Cause 1233, pp. 103, 104-06. The court also informed Walker that, if it is determined that he violated his probation, the State was recommending in both causes that he serve a portion of his suspended sentence at the DOC. Tr. Vol. II Cause 181, p. 88, 89; Tr. Vol. II Cause 1233, p. 105, 106. Finally, the court inquired whether Walker understood the allegations contained in the petitions, and he responded in the affirmative. Tr. Vol. II Cause 181, p. 89; Tr. Vol. II Cause 1233, p. 106.

[9] We conclude that Walker was given sufficient notice of the alleged violations and the fact that petitions were filed in both Cause 1233 and Cause 181.

## II. Revocation of Probation

[10] Walker was ordered to serve his sentence and probation in Cause 181 consecutively to his sentence and probation in Cause 1233. The probation violations at issue in this appeal were filed in February 2017. At that time, Walker was serving his term of probation in Cause 1233, which he was scheduled to complete in August 2017. Once his probation was complete in

Cause 1233, he would serve his term of probation in Cause 181. Thus, he asserts that, because he was serving his probation in Cause 1233 and had not yet begun serving his term in Cause 181 at the time the violation petitions were filed, the trial court erred in revoking his probation in Cause 181.

[11] The decision to revoke a defendant's probation is a matter within the sound discretion of the trial court. *Woods v. State*, 892 N.E.2d 637 (Ind. 2008). Thus, on appeal, we review the trial court's decision for an abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Brown v. State*, 830 N.E.2d 956 (Ind. Ct. App. 2005).

[12] Indiana Code section 35-38-2-3(h) (2015) provides that a trial court may revoke probation "[i]f the court finds that the person has violated a condition *at any time* before termination of the period." (Emphasis added). Our courts have interpreted this statute to mean that probation may be revoked even before it begins. *Hardy v. State*, 975 N.E.2d 833 (Ind. Ct. App. 2012) (citing *Ashley v. State*, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999)); *see also Rosa v. State*, 832 N.E.2d 1119 (Ind. Ct. App. 2005) (noting that, under defendant's reasoning, he could commit any number of offenses prior to his subsequent term of probation and not face a probation violation, this Court concluded that the probationary

period begins immediately after sentencing and ends at the conclusion of the probationary phase of the defendant's sentence).[1]

[13] Thus, although Walker was still serving his probation in Cause 1233 at the time the petitions were filed and therefore had not begun serving his term of probation in Cause 181, the trial court had the authority to revoke his probation in both causes. We find no abuse of discretion by the trial court in revoking Walker's probation in Cause 181.

## Conclusion

[14] We conclude that there was no denial of Walker's due process rights and that the trial court did not abuse its discretion in revoking his probation in Cause 181.

[15] Affirmed.

May, J., and Altice, J., concur.

---

[1] *See Waters v. State*, 65 N.E.3d 613, 617 n.1 (Ind. Ct. App. 2016) (clarifying that Court's statement that defendant's probationary period begins immediately after sentencing does not mean that defendant is on probation when he is incarcerated but is simply another way of saying that defendant's probation can be revoked prospectively while he is incarcerated and before he begins probation phase of his sentence).