

FILED

Sep 26 2023, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Eric Grzegorski
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Maggie E. Winans,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 26, 2023<br><br>Court of Appeals Case No.<br>23A-CR-80<br><br>Appeal from the<br>Cass Superior Court<br><br>The Honorable<br>Lisa L. Swaim, Judge<br><br>Trial Court Cause No.<br>09D02-2103-CM-142 |

**Opinion by Judge Foley**
Chief Judge Altice and Judge May concur.

**Foley, Judge.**

[1] Maggie E. Winans ("Winans") was convicted after a bench trial of domestic battery[1] as a Class A misdemeanor and resisting law enforcement[2] as a Class A misdemeanor. Winans appeals her convictions and raises the following issue for our review: whether the trial court committed fundamental error when it failed to reset the matter for a jury trial after her pre-trial diversion agreement was terminated. We conclude that reversible error occurred, and we, therefore, reverse Winans's convictions and remand for a jury trial.

## Facts and Procedural History

[2] On March 22, 2021, the State charged Winans with Class A misdemeanor domestic battery and Class A misdemeanor resisting law enforcement. On the same date, an initial hearing was held, and Winans executed a "Rights Advice at Initial Hearing in Misdemeanor Cases" form, in which she was advised of her right to a trial by jury. Appellant's App. Vol 2 p. 24. On March 25, 2021, Winans's counsel filed a motion for jury trial, and the trial court granted the motion and set a date for a jury trial.

[3] Before the scheduled jury trial, on June 4, 2021, Winans entered into a pre-trial diversion agreement, under which, if Winans complied with the terms of the agreement, her charges would be dismissed twelve months after execution of the agreement. The agreement stated that "the failure to meet any of the

---

[1] Ind. Code § 35-42-2-1.3(a)(1).

[2] I.C. § 35-44.1-3-1(a)(1).

specified terms in said agreement will result in the prosecution of [her] charge[s] . . . ." *Id*. at 39 (emphasis removed). The agreement did not contain any terms regarding a written waiver of jury trial by Winans.

[4] On April 29, 2022, a motion for hearing was filed because Winans had been discharged from the pre-trial diversion program, and the trial court issued an order setting the matter for a pre-trial conference. In May 2022, Winans's original attorney withdrew, and a new attorney entered an appearance. On June 6, 2022, Winans's counsel filed a motion to continue the pre-trial conference, which was granted. On July 7, 2022, Winans's counsel filed another motion to continue the pre-trial conference, which was denied by the trial court. After a hearing on July 11, 2022, the trial court entered a minute sheet, which states that a bench trial was set for September 12, 2022. *Id*. at 55. A pre-trial hearing was held on July 26, 2022, after which, the trial court entered a minute sheet that again stated that bench trial was set for September 12, 2022. *Id*. at 57. Nothing in the record indicates that Winans signed anything waiving her jury trial, and no waiver of jury trial was discussed at either hearing. On September 1, 2022, Winans's counsel filed a motion to continue the bench trial set for September 12, 2022, and the trial court granted the motion and reset the bench trial for October 25, 2022. On September 20, 2022, Winans's counsel again moved to continue the bench trial, which the trial court granted and reset it for November 29, 2022. On November 29, 2022, the parties appeared in court, and Winans's attorney orally moved to continue the bench trial, and the trial court reset it for December 13, 2022.

A bench trial was held on December 13, 2022. At the conclusion of the trial, the trial court found Winans guilty of Class A misdemeanor domestic battery and Class A misdemeanor resisting law enforcement. Winans was sentenced to 365 days on each conviction with the sentences to run consecutively for an aggregate sentence of 730 days with four days credit time and the balance suspended to probation. Winans now appeals.

## Discussion and Decision

The right of an accused to have a trial by jury is guaranteed by the Indiana and United States Constitutions. U.S. Const. amend. VI; Ind. Const. art. 1, § 13; *Dadouch v. State*, 126 N.E.3d 802, 804 (Ind. 2019). In criminal cases, the procedure for asserting the right is codified in Indiana Code section 35-37-1-2 ("The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial . . ., all other trials must be by jury."). While the Constitution does not differentiate between felonies and misdemeanors, in Indiana the procedure for asserting the right to a jury trial in misdemeanor cases is controlled by Indiana Criminal Rule 22. Rule 22 states, in relevant part:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

[7] The right to trial by jury is a fundamental right, and while the manner of preserving that right is altered by Criminal Rule 22, the right itself is not diminished. *Pryor v. State*, 973 N.E.2d 629, 633 (Ind. Ct. App. 2012); *Stevens v. State*, 689 N.E.2d 487, 489 (Ind. Ct. App. 1997). When charged with a misdemeanor, a defendant can waive his or her right to a jury trial by failing to make a timely demand for trial by jury. *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013). However, while a defendant charged with a misdemeanor can waive his right to a jury trial by inaction, the waiver must nonetheless be knowing, voluntary, and intelligent. *Dadouch*, 126 N.E.3d at 804. Additionally, the waiver needs to be personal. *Duncan*, 975 N.E.2d 836, 843 (Ind. Ct. App. 2012).

> In order to establish a valid waiver in a misdemeanor case, the record is sufficient if: 1) *it does not contain a request for a trial by jury*; 2) it evidences that the defendant was fully advised of the right to a trial by jury and of the consequences for failing to timely request the right; and 3) it reflects that the defendant was able to understand the advice.

*Id.* (emphasis added). Here, the record does contain a request for a jury trial as Winans timely requested a jury trial at the outset of this case, and nothing in the record indicates that she subsequently waived her explicitly requested right to a jury trial. Therefore, the record does not establish a valid waiver of Winans's right to a jury trial.

[8] Further, the record reveals that, after Winans timely filed her demand for a jury trial, she entered into a pre-trial diversion agreement, under which, the State

would withhold prosecution of her charges, and if Winans complied with the terms of the agreement, her charges would be dismissed twelve months after execution of the agreement. The agreement did not contain any terms regarding a written waiver of jury trial by Winans. Several months after signing the agreement, Winans was discharged from the pre-trial diversion program. Consequently, the State's prosecution of Winans resumed, and the trial court issued an order setting the matter for a pre-trial conference. Winans's original attorney withdrew, and a new attorney entered an appearance. This new attorney moved to continue the pre-trial conference twice. The trial court set the matter for bench trial after the pre-trial conference was held, and Winans's counsel subsequently moved to continue the bench trial several times. However, at no time after Winans was discharged from the pre-trial diversion agreement did she personally waive her right to a jury trial that she had previously explicitly requested. The effect of Winans's discharge from the pre-trial diversion program was to return her to the original position that she occupied before she entered into the pre-trial diversion program, i.e., being prosecuted for domestic battery and resisting law enforcement.[3] Thus, the trial court should have set Winans's case for a jury trial following her discharge from the pre-trial diversion program. The trial court committed fundamental error when it held a bench trial without obtaining a valid waiver of the right to a jury

---

[3] A pretrial diversion program allows the prosecuting attorney to withhold formal prosecution under certain circumstances to afford the defendant an opportunity to successfully complete an alternative course of action. *See* Ind. Code § 33-39-1-8; *Schenke v. State*, 136 N.E.3d 255, 258 (Ind. Ct. App. 2019).

trial. *See Duncan*, 975 N.E.2d at 844 (stating that it has been held that a violation of the right to trial by jury is a fundamental error and cannot be harmless).

[9] The State contends that Winans invited the error she complains of, namely that she was tried in a bench trial and not a jury trial. However, the State does not cite any legal authority regarding invited error with respect to a jury trial waiver. To the extent the principal of invited error may apply to the waiver or a timely request for a trial by jury, it requires more than just a "passive lack of objection." *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014), *cert. denied*. "To establish invited error, there must be some evidence that the error resulted from the appellant's affirmative actions as part of a deliberate, 'well-informed' trial strategy." *Batchelor v. State*, 119 N.E.3d 550, 558 (Ind. 2019) (citing *Brewington*, 7 N.E.3d at 954). The record before us fails to establish that Winans's failure to object to the bench trial settings was part of a deliberate, well-informed trial strategy. Where, as here, a defendant preserves her right to a jury trial, failure to object to a subsequently scheduled bench trial is insufficient to constitute waiver. *See Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989) (refusing to find that appellant had waived his right to a jury trial, even though appellant failed to object at the bench trial, because the record did not indicate that appellant "expressed a conscious choice" to give up the right to trial by jury). We, therefore, reverse Winans's convictions and remand for a jury trial.

[10] Reversed and remanded.

Altice, C.J., and May, J., concur.